```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

STANLEY GERHART, et al.          :
                                 :
            Plaintiffs           :    CIVIL ACTION
                                 :
    vs.                          :
                                 :    NO.  09-cv-1145
COMMONWEALTH OF                  :
PENNSYLVANIA, et al.             :
                                 :
                                 :
            Defendants           :

### ORDER

AND NOW, this 13th day of August, 2009, upon consideration of Defendants Commonwealth of Pennsylvania, Pennsylvania State Police, and State Trooper Maurice Minnifield's ("Defendants") Motion to Dismiss, Plaintiffs' response thereto (Doc. No. 4), Plaintiffs' Response to the Court's Rule to Show Cause (Doc. No. 5), Defendants' Response to Plaintiffs' Response to the Court's Rule to Show Cause (Doc. No. 6), and Defendants' Notice of Recent Decision (Doc. No. 7), it is ORDERED that Defendants' Motion (Doc. No. 2) is GRANTED in part and DENIED in part.  IT IS ORDERED as follows:

1. Plaintiffs' constitutional claims in Counts Two, Three, and Four against Defendant State Troopers Maurice Minnifield and John Doe in their official capacities, actionable here under 42 U.S.C. § 1983, are DISMISSED WITH PREJUDICE.  Plaintiffs' claims in Counts Two, Three, and Four against Defendant State Troopers Maurice Minnifield and John Doe in their individual capacities, actionable here under 42 U.S.C. § 1983, remain;

2. Plaintiffs' claims in Counts Three and Four against Defendant State Troopers Maurice Minnifield and John Doe in their individual capacities for violations of the Fifth Amendment and conspiracy to violate Plaintiffs' Fifth Amendment rights respectively,

      each actionable here under 42 U.S.C. § 1983, are DISMISSED WITH PREJUDICE. Plaintiffs' claims in Counts Three and Four against Defendant State Troopers Maurice Minnifield and John Doe in their individual capacities for violations of the Fourteenth Amendment and conspiracy to violate Plaintiffs' Fourteenth Amendment rights, each actionable here under 42 U.S.C. § 1983, remain.

3. Plaintiffs' claim in Count Four that Defendant State Troopers Maurice Minnifield and John Doe in their individual capacities conspired, along with Defendant Inez Rogers, to violate the constitutional rights of Plaintiffs, actionable here under 42 U.S.C. § 1985, is DISMISSED WITHOUT PREJUDICE. Plaintiffs' claim in Count Four that Defendant State Troopers Maurice Minnifield and John Doe in their individual capacities conspired, along with Defendant Inez Rogers, to violate the constitutional rights of Plaintiffs, actionable here under 42 U.S.C. § 1983, remains;

4. Count One, which asserts a private cause of action for monetary damages for alleged violations of Article 1, Section 8 of the Pennsylvania Constitution, is DISMISSED WITH PREJUDICE;

5. To the extent Defendants seek dismissal of Counts Five, Six, and Seven on the basis of sovereign immunity, Defendants' request is DENIED; and

6. Counts Eight and Nine are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs shall file and serve on **all parties** an Amended Complaint consistent with this Order and accompanying Memorandum Opinion within **thirty (30) days** of the date of this Order. If Defendant Inez Rogers—who had not been served as of June 11, 2009—is not properly served **within thirty (30) days** of the date of this Order, all claims against

Defendant Rogers may be dismissed. See Fed. R. Civ. P. 4(m).[1] Defendants Maurice Minnifield and John Doe shall file a responsive pleading to Plaintiffs' Amended Complaint within **twenty (20) days** of being served with the Amended Complaint.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.

---

[1] "Rule 4(m) governs cases originally filed in federal courts, and applies to removed cases after the date of removal." Grendysa v. Evesham Twp. Bd. of Educ., No. 02-1493, 2005 WL 2416983, at *17 (D.N.J. Sept. 27, 2005); accord Fed. R. Civ. P. 81(c); Alber v. Ill. Dep't of Mental Health and Developmental Disabilities, 786 F. Supp. 1340, 1376 (N.D. Ill. 1992). Thus, Rule 4(m)'s 120-day period for service begins to run on the date of removal. Grendysa, 2005 WL 2416983, at *17. This action was removed to federal court on March 16, 2009, (Doc. No. 1), thereby leading to a service deadline of July 14, 2009. As of June 11, 2009, Defendant Inez Rogers had not been served in this civil action, (Doc. No. 4-2 at 1), and the docket does not reflect service as of the date of this Order.

Assuming that service on Rogers has not timely occurred, Plaintiffs' failure to comply with this Order's 30-day service deadline, without good cause shown, may lead to dismissal of all claims against Rogers. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995) (explaining that Rule 4(m) requires "a court to extend time if good cause is shown" and allows "a court discretion to dismiss or extend time absent a showing of good cause"; noting that, "absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred"); Chiang v. U.S. Small Bus. Admin., No. 07-2686, 2009 WL 1178505, at *1-3 (3d Cir. May 04, 2009) (affirming dismissal of action for failure to timely serve where district court found no good cause to extend time for service even though the statute of limitations had expired and plaintiffs were barred from litigating their case).